ORIGINAL

**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THE PROTECTIVE GROUP, INC.** **Plaintiff,** v. **THE UNITED STATES OF AMERICA** **Defendant.** | ) | Case No. 07-806 C |

**PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

The Protective Group, Inc. ("TPG") applies to this Court pursuant to Rule 65 for a Temporary Restraining Order prohibiting Defendant, the United States of America, acting by and through the U.S. Special Operations Command ("SOCOM"), from awarding any contract(s) under Solicitation No. H92222-07-R-0011 ("Solicitation") pending the outcome of this proceeding. SOCOM issued the Solicitation on a full and open competition basis on May 9, 2007. Proposals were initially due by June 8, 2007, but SOCOM extended the closing date until August 7, 2007 by an Amendment to the Solicitation. As of Friday, November 16, 2007, SOCOM has not made any awards.

This action challenges SOCOM's failure to set aside this acquisition for small business competition pursuant to FAR § 19.502-2(b) as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 28 U.S.C. §1491(b)(4) (2000), because (i) there was a reasonable expectation that at least two or more responsible small business concerns would submit offers at reasonable prices; and (ii) SOCOM's disregard of regulation and avoidance of the "Rule of Two" lacks any rational basis.

The grounds for this motion, which are more fully set forth in the accompanying

Memorandum of Points and Authorities, are as follows: (1) TPG has a strong likelihood of success on the merits in that it can demonstrate that there was clearly a reasonable expectation that at least two responsible small businesses would submit offers, including TPG, for this acquisition, that SOCOM had no reasonable basis to conclude otherwise, and that the Small Business Administration ("SBA"), in prior proceedings before the Government Accountability Office ("GAO"), has supported TPG's position; (2) TPG will be irreparably harmed and competitively injured as a small business manufacturer of body armor by losing delivery awards over the next five years if SOCOM is allowed to continue with the Solicitation and make any award(s); (3) interim injunctive relief will not harm SOCOM because any immediate need for the required body armor can be timely supplied by the incumbent contractor through an extension to its current contract; and (4) interim injunctive relief will promote the public interest rather than harm it by preserving the integrity of the procurement system and by protecting the interests of small business concerns.

TPG requests an expedited hearing on this motion.

Dated: November 19, 2007

Respectfully submitted,

Richard L. Moorhouse
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard
Suite 1200
McLean, Virginia 22102
Tel.: (703)749-1311
Fax: (703)714-8308
E-mail: moorhouser@gtlaw.com

OF COUNSEL:
L. James D'Agostino
John G. Stafford
David T. Hickey
Sean M. Connolly
1750 Tysons Boulevard
Suite 1200
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
E-mailS:
dagostinoj@gtlaw.com
staffordj@gtlaw.com
hickeyd@gtlaw.com
connollys@gtlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused to be hand delivered on this 19th day of November 2007, copies of the *Complaint, Memorandum in Support of Plaintiffs Application for a Temporary Restraining Order and Preliminary Injunction, Plaintiff's Motion for a Preliminary Injunction, Plaintiff's Application for a Temporary Restraining Order, Proposed Order Granting Permanent Injuction, Proposed Order Granting Preliminary Injunction, Certification Pursuant To Rule 7.1,* thereto, on the following counsel:

Timothy McIlmail
Department of Justice
Commercial Litigation Branch
Civil Division
8th Floor
1100 L Street, Northwest
Washington, D.C. 20530
Tel.: (202) 616-0342
Fax.: (202) 514-7965

Richard L. Moorhouse