ORIGINAL

FILED
NOV 19 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **THE PROTECTIVE GROUP, INC.** | |
| **Plaintiff,** | |
| **v.** | Case No. 07-806 C |
| **THE UNITED STATES OF AMERICA** | |
| **Defendant.** | |

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND FOR A PRELIMINARY INJUNCTION

Plaintiff, The Protective Group, Inc. ("TPG"), a Delaware corporation, submits this Memorandum of Points and Authorities in Support of Its Application for a Temporary Restraining Order and Motion for a Preliminary Injunction herein. Plaintiff's Complaint challenges the U.S. Special Operations Command's ("Defendant or "SOCOM") failure to set aside this acquisition for small business competition in whole or in part under Solicitation No. H92222-07-R-0011 ("Solicitation 0011") pursuant to FAR § 19.502-2(b). SOCOM's violation of the "Rule of Two" in procuring the required body armor under Solicitation 0011 was an improper, arbitrary, and capricious action because (i) it violated the clear terms of FAR § 19.502-2(b) where there was a reasonable expectation that at least two responsible small business concerns would submit offers at reasonable prices; and (ii) its disregard of regulation lacks any rational basis.

As a result of these improper actions, TPG (1) has a strong likelihood of success on the merits because it can demonstrate that there was clearly a reasonable expectation that at least two

responsible small businesses, including TPG, would submit offers for this acquisition and SOCOM had no reasonable basis to conclude otherwise. Further, the lack of appropriate contemporaneous documentation by the Contracting Officer determining that a small business set-aside was inappropriate adds to the likelihood that TPG's arguments on the merits will prevail. Finally, TPG's legal position that SOCOM violated the Rule of Two has been formally supported by the Small Business Administration ("SBA") in prior proceedings before the Government Accountability Office ("GAO"). Given this improper violation, TPG will (2) be irreparably harmed and competitively injured as a small business manufacturer of body armor by losing delivery awards over the next five years if SOCOM is allowed to continue with the Solicitation as a full and open competition and make an award(s) thereunder. TPG meets its burden (3) to show that its request for interim injunctive relief will not harm SOCOM as SOCOM's incumbent contractor could supply and meet any immediate need for the body armor required under Solicitation 0011 through an extension of its current contract. TPG also meets its burden (4) to show that its request for interim injunctive relief will promote the public interest rather than harm it by preserving the integrity of the procurement system and by protecting and promoting the interests of small business concerns.

## I. STATEMENT OF FACTS

TPG is a small business concern and a supplier of body armor to the U.S. military. In particular, TPG is a major supplier of Enhanced Small Arms Protective Insert (ESAPI) body armor to the U.S. Army.

SOCOM procured its first ballistic armor in 1998 when it awarded the previous contract to the incumbent contractor following a competition totally set aside for small business. On August 1, 2006, SOCOM requested proposals under Solicitation No. H92222-06-R-0023 ("Solicitation

0023") as a full and open competition for Body Armor Load Carriage Systems ("BALCS") plates to award a follow-on contract. In response, SOCOM received three proposals from small business concerns, other than TPG, and a fourth proposal from the incumbent contractor, which is no longer a small business. SOCOM later cancelled Solicitation 0023 because of the "lack of acceptable responses in meeting the Government's requirements." The unacceptable offers included an offer by the incumbent contractor, a large business.

On February 9, 2007, SOCOM issued a pre-solicitation notice announcing its cancellation of Solicitation 0023 and indicating that it anticipated releasing a new solicitation sometime in February or March 2007. The pre-solicitation notice also announced that SOCOM would be holding an open "industry day" conference on March 1, 2007. TPG and four other small businesses attended SOCOM's industry day on March 1-2, 2007.

Approximately two months later, SOCOM issued Solicitation 0011 on May 9, 2007 with a proposal closing date of June 8, 2007. SOCOM extended the closing date for proposals to August 7, 2007 by an Amendment to Solicitation 0011. Solicitation 0011 calls for the procurement of a family of ballistic armor plates used in BALCS for special operations forces. It specifically calls for the award of a single or multiple contracts within SOCOM's discretion over a total five-year period to supply BALCS ballistic plates in various sizes and configurations on an indefinite delivery/indefinite quantity ("ID/IQ") basis. Award(s) are to be made on a best-value basis under the following three major criteria: Technical Approach, and Management Approach; Past Performance; and Price.

The Federal Acquisition Regulation ("FAR") § 19.502-2(b) requires an agency to set aside an acquisition over $100,000 for competition among small business concerns "if there is a reasonable expectation that (1) offers will be obtained from at least two responsible small

business concerns…; and (2) award will be made at fair market prices." However, SOCOM is currently conducting Solicitation 0011 on an unrestricted basis; it has not been set aside either in whole or in part for small business competition. While TPG expressed its concerns to SOCOM that Solicitation 0011 had not been set aside for small business competition in a letter received by SOCOM on August 2, 2007 and protested SOCOM's violation of FAR § 19.502-2(b) in an agency-level protest on August 7, 2007 and a Government Accountability Officer ("GAO") protest on August 14, 2007 (Exhibit A), SOCOM took no corrective action and failed to address TPG's concerns.

On September 14, 2007, SOCOM filed an initial report in response to TPG's GAO protest in which it argued that SOCOM took reasonable efforts to ascertain whether it was likely that two or more responsible small business concerns with the capabilities to perform the work would submit proposals in response to Solicitation 0011. SOCOM further claimed that its decision not to set aside Solicitation 0011 for small businesses was based on its experience of having to cancel Solicitation 0023 (a full and open competition that received the majority of its offers from small businesses) for lack of acceptable offers. In addition, SOCOM maintained that its review of the current state of the ballistic protection industry indicated that many small businesses had become large businesses.

SOCOM's September 14, 2007 response to the GAO protest included a declaration from a Contract Specialist in which she indicated her awareness that since the 1998 small business set-aside acquisition, several small businesses had become large. She also indicated that SOCOM's market research for Solicitation 0011 "was essentially accomplished through [their] experiences with Solicitation [0023]." The Contract Specialist also stated that she prepared a DD Form 2579, Small Business Coordination Record in which she recommended that Solicitation 0011 be

competed under a full and open competition "due to the lack of acceptable responses to Solicitation [0023]" and "considering the fact that many small businesses in the body armor industry were becoming large businesses." The Contract Specialist forwarded the form to SOCOM's Small Business Specialist who concurred with a full and open competition. This coordination record, which was not approved by the Contracting Officer, appears to be the only contemporaneous record documenting SOCOM's avoidance of the FAR's "Rule of Two."

SOCOM concluded that there was no reasonable expectation that it would receive offers in response to Solicitation 0011 from responsible small business concerns capable of performing the work. SOCOM also highlighted in its argument that the Small Business Specialist agreed with the decision to avoid setting Solicitation 0011 aside for small business. However, it was only after GAO indicated to the parties its concern regarding the Rule of Two protest ground that SOCOM provided additional declarations to explain its methodology for determining that there was no reasonable expectation that at least two small businesses would submit offers in response to Solicitation 0011. The Contract Specialist supplemented her earlier declaration to include other "market research performed." However, virtually every one of the Contract Specialist's newly cited actions took place more than a year prior to SOCOM's issuance of Solicitation 0011. The Assistant Program Manager for Solicitation 0011 also supplemented his earlier declaration to now include a discussion about small businesses. He indicated that five small businesses participated in discussions with SOCOM during the March, 2007 "industry day." However, he also set forth an arbitrary determination that these five small businesses, plus two additional small businesses, would not be able to meet the requirements of Solicitation 0011, using uncertain phrases such as "it is doubtful that this product will meet," "did not seem to meet," and

"did not seem to suggest."[1] Finally, SOCOM's supplemental response included a declaration by the Deputy Director of SOCOM's Office of Small Business Programs. She stated that the decision to issue Solicitation 0011 as a full and open procurement was based on her personal knowledge of the market trends for the body armor industry. However, the Small Business Coordination Record was signed by a different Small Business Specialist, the one with whom the Contract Specialist said she coordinated in March and April 2006.

At the request of GAO, the U.S. Small Business Administration ("SBA") provided comments on October 15, 2007 regarding TPG's GAO protest in which it urged GAO to sustain the protest. See Exhibit B. SBA argued that none of SOCOM's rationale supported its decision not to set aside the acquisition for small business concerns, highlighting instead that the three offers from small businesses under Solicitation 0023 only supports a decision to set aside Solicitation 0011 for small businesses because the Contracting Officer should have reasonably expected to receive offers from at least the same three small business offerors under a less restrictive solicitation. In addition, SBA maintained that SOCOM's "finding" that the incumbent contractor and "one or more other competitors from the small business set-aside competition in 1998 have grown to be other than small has no bearing on whether a small business set-aside is required by law. SBA concluded that SOCOM "should have expected to receive offers from at least two SBCs under the subject solicitation" as every time small businesses had an opportunity to express interest in submitting an offer in response to Solicitation 0011, more than two small businesses expressed such intent; three small businesses submitted offers under Solicitation 0023 and five small businesses attended the "Industry Day."

[1] The Assistant Program Manager did not point to or attach any contemporaneously-prepared small business review. Additionally, the Assistant Program Manager's name is not listed on the PowerPoint presentation given to potential offerors on the March, 2007 "industry day."

On November 13, 2007, GAO, without any analysis of the SBA's opinion, and contrary to long-established precedent, essentially ignored the SBA and denied TPG's protest, finding that SOCOM reasonably determined that it would not likely receive offers from two capable small businesses. See Exhibit C. The instant action before this Court now follows.

## II. ARGUMENT

A party seeking a preliminary injunction must address, and this Court must weigh, the following four considerations: (1) whether the party seeking the injunction has a strong likelihood of success on the merits; (2) whether the party seeking the injunction will be irreparably harmed if the injunction is denied; (3) whether the threatened irreparable injury would outweigh the harm that the injunction would cause the defendant or third parties, and (4) the impact of the injunction on the public interest. Conscoop-Consorzia Fra Cooperative Di Prod. E Lavoro v. U.S., 62 Fed. Cl. 219 (2004); Overstreet Electric Co. v. United States, 47 Fed. Cl. 728 (2000); ES-Kg. Inc. v. United States, 44 Fed. Cl. 429 (1999). In applying these tests, the Court must consider the factors in relation to one another, so a stronger showing on one factor may offset a weaker showing on the other factors. Overstreet Electric, 47 Fed. Cl. at 743. TPG addresses each factor below.

### A. TPG Has A Strong Likelihood Of Success On The Merits

SOCOM's decision to issue Solicitation 0011 as a full and open competition was arbitrary and capricious and in violation of the Federal Acquisition Regulation because there was clearly a reasonable expectation that at least two small business concerns would submit offers in response to the requirements of the Solicitation. SOCOM's disregard of regulation lacks any rational basis, as the SBA expressly determined, and, therefore, TPG has a strong likelihood to succeed on the merits.

The FAR § 19.502-2(b) requires an agency to set aside an acquisition over $100,000 for competition among small business concerns "if there is a reasonable expectation that (1) offers will be obtained from at least two responsible small business concerns…; and (2) award will be made at fair market prices." The agency is obligated to create a set-aside procurement unless it can determine that there is an absence of small business competition. In addition, the Contracting Officer must "document why a small business set-aside is inappropriate when a an acquisition is not set aside for small business…" FAR § 19.501(c).

The only apparent contemporaneously-prepared document regarding SOCOM's decision to not set aside the procurement under Solicitation 0011 is the Small Business Coordination Record. See Exhibit D. In its remarks, the form states that Solicitation 0023 "is being cancelled based on the lack of acceptable responses in meeting the Government's requirements" and that as a result of the increased need for ballistic plates since 9/11, business for ballistic protection manufacturers has boomed and several small businesses within the industry, to include the incumbent, have become large businesses. While the form is signed by a Small Business Specialist, who concurred with a full and open competition, the Contract Specialist as opposed to the cognizant SOCOM Contracting Officer prepared the form.

There is apparently no evidence that the SOCOM Contracting Officer made the decision or documented her decision that a small business set-aside is inappropriate for Solicitation 0011. Regardless, none of SOCOM's justifications either in its initial report to the GAO or in its supplemental filings are reasonable explanations of why a small business set-aside is inappropriate. On the contrary, as pointed out by the SBA before GAO, the record makes it obvious that there was and is a reasonable expectation that at least two responsible small business concerns would submit offers in response to Solicitation 0011. Indeed, more than two

responsible small business concerns expressed interest in fulfilling SOCOM's requirement at every opportunity.

TPG has a strong likelihood of succeeding on the merits because there was clearly a reasonable expectation that at least two responsible small businesses would submit offers for this acquisition and SOCOM had no reasonable basis to conclude otherwise.

To prevail in a protest, the protester must show not only a flaw in the procurement, but that it was prejudiced by that flaw. Alfa Laval Separation, Inc., 175 F.3d 1365, 1367 (Fed. Cir. 1999). This, in turn, requires a showing that "there was a substantial chance" the protester would have received award but for the error. Id. The Federal Circuit has clarified that this is not a "but for" test, requiring proof that, had there been no violation of the law, the protester "would have" secured award. Data General Corp. v. Johnson, 78 F.3d 1556 (Fed. Cir. 1996). Rather, it is sufficient to show that there was "a reasonable likelihood" that, but for the violation of the law, the protester would have received award. Further, "when a party brings a protest challenging the terms of a solicitation, it need not satisfy the "substantial chance" test…, [but] need only identify a non-trivial competitive injury capable of being redressed by judicial relief." Weeks Marine, Inc. v. United States, ----- Fed. Cl. -----, No. 07-700C (2007); 2007 U.S. Claims LEXIS 353.

Here there is more than "a non-trivial competitive injury capable of being redressed by judicial relief" or even "a reasonable likelihood" that Solicitation 0011 would have been totally set aside for small business competition if SOCOM had not violated the law. If SOCOM had not improperly disregarded the "Rule of Two" requirement under FAR § 19.502-2(b), TPG could have had a fair opportunity to win an award as a small business concern competing against other small business concerns for all or a portion of the BALCS armor plate requirements.

B. TPG Will Be Irreparably Harmed If The Injunctive Relief Is Denied

TPG is a small business concern which supplies body armor for the U.S. military. The potential lost business and revenues and the development and growth of its business within the expanding body armor industry that TPG will suffer as a result of SOCOM's violation of law is very significant and will cause the Company irreparable harm. Indeed, a bidder's loss of an opportunity to fairly compete has been recognized as an irreparable harm. SAI Industries Corp. v. United States, 60 Fed.Cl. 731 (Fed. Cl. 2004). This type of injury has repeatedly been found adequate to demonstrate irreparable harm because the injury cannot be redressed through money damages alone, such as the bid and proposal cost recoveries otherwise available in this forum. Dynacs Engineering Co. Inc. v. United States, 48 Fed. Cl. 614 (Fed. Cl. 2001); Mangi Environmental Group, Inc. v. United States, 47 Fed. Cl. 10, 19-20 (2000); Overstreet Electric, 47 Fed. Cl. at 743-744.

C. The Irreparable Injury To TPG Outweighs Any Injury To SOCOM

The irreparable injury to TPG if no injunction is granted far outweighs any inconvenience to SOCOM of a stay of the procurement under Solicitation 0011. The loss of business, revenues, business development, and competitiveness within the body armor industry that TPG will suffer results from the denial of the opportunity to compete fairly under Solicitation 0011 in accordance with the law protecting the competitive opportunities of small business concerns that has been disregarded by SOCOM. This type of harm weighs very heavily in this third prong of the test for preliminary injunctive relief. T.S. Products. Inc. v. United States, 48 Fed. Cl. 100, 112-113, (2000); Overstreet Electric, 47 Fed. Cl. at 743, 744. On the other hand, SOCOM will suffer little, if any, harm if injunctive relief is granted because it has an incumbent contractor, which is capable of meeting any immediate demands of the body armor required by this procurement

while this case is heard and decided by this Court.

### D. Granting The Injunction Will Promote Rather Than Harm The Public Interest

"The public interest is served by ensuring a procurement process conforms to applicable procurement regulations." Heritage of America, LLC, No. 07-150C, (Fed. Cl. May 31, 2007) Hawaiian Dredging Constr. Co. v. United States, 59 Fed. Cl. 305 (2005); Parcel 49C Ltd. Partnership v. United States, 31 F.3d 1147, 1152 (Fed. Cir. 1994). The countervailing government interest in efficiency of operations, cannot come at the expense of preserving the integrity of the public procurement process. Mangi Environmental Group. Inc., 47 Fed. Cl. at 19-20 (2000). See also MTB Group, Inc. v. U.S., 65 Fed. Cl. 516 (2005); 2005 WL 1350053 ("It is in the public interest for the government to conduct fair procurement procedures, and to give honest and fair consideration to all bids.") (internal citations omitted). Accordingly, granting the injunction will support rather than undercut the public interest.

Here the public interest involves more than the overall fairness and integrity of the procurement process. When an agency unreasonably disregards regulations requiring exclusive participation by small business concerns for an acquisition, the development and competitiveness of small business government contractors are threatened. The public has a strong interest in protecting the interests of small business concerns.

## III. CONCLUSION

For the foregoing reasons, TPG respectfully argues that SOCOM's decision to avoid the small business set-aside requirement in violation of FAR § 19.502-2(b) under Solicitation 0011 should not be allowed to stand. TPG requests that the Court grant the temporary restraining order and preliminary injunction as requested herein. A proposed Order is attached.

Dated: November 19, 2007

Respectfully submitted,

Richard L. Moorhouse
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard
Suite 1200
McLean, Virginia 22101
Tel.: (703)749-1311
Fax: (703)714-8308

OF COUNSEL:
L. James D'Agostino
John G. Stafford
David T. Hickey
Sean M. Connolly
1750 Tysons Boulevard
Suite 1200
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
E-mails:
dagostinoj@gtlaw.com
staffordj@gtlaw.com
hickeyd@gtlaw.com
connollys@gtlaw.com