IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | | |
|---|---|---|
| THE PROTECTIVE GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-806C |
| v. | ) | |
| | ) | (Judge Wheeler) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S RULE 12(b)(1) MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendant, the United States, respectfully requests that the Court dismiss this action for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). In support of our motion, we rely upon the complaint, the following brief, and an admission that plaintiff made during a hearing held on November 20, 2007, upon plaintiff's application for a temporary protective order.

DEFENDANT'S BRIEF

STATEMENT OF THE ISSUE

Whether the Court possesses jurisdiction to entertain plaintiff's bid protest, where plaintiff filed the action after the end of the proposal period and did not submit a proposal in response to the solicitation.

## STATEMENT OF THE CASE

### I. Nature Of The Case

In this bid protest, plaintiff, The Protective Group, Inc. ("TPG"), challenges the Government's decision not to set aside a solicitation for small business competition. Complaint ("Compl.") at 1.

### II. Statement Of The Facts

On May 9, 2007, the Government issued a solicitation for ballistic armor plates for special operations forces. Compl. at 3 ¶¶ 12-13. The Government issued the solicitation as a full and open competition. Id. at 2 ¶ 6. An amendment to the solicitation made proposals due by August 7, 2007. See id. at ¶ 12.

Prior to the deadline for proposals, TPG filed an agency-level protest challenging the decision not to set aside the solicitation for small business competition. Id. at 4 ¶ 18. A week after the proposal due date, TPG filed a protest with the Government Accountability Office ("GAO"). Id. ¶ 20. The GAO denied that protest on November 13, 2007. Id. at 7 ¶ 28.

TPG filed this action on November 19, 2007, after the end of the proposal period (see id. at 3 ¶ 12). TPG admitted before this Court during a hearing upon its application for a temporary protective order that it did not submit a proposal in response to the solicitation.

ARGUMENT

I. Standard Of Review

In ruling upon a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the Court accepts as true the undisputed allegations in the complaint, and draws all inferences in favor of the plaintiff. Lavezzo v. United States, 74 Fed. Cl. 502, 507 (Fed. Cl. 2006) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). A judicial admission is a formal act, done in the course of judicial proceedings, which waives or dispenses with the production of evidence, by conceding for purposes of litigation that the proposition of fact alleged by the opponent is true. Stelco Holding Co. v. United States, 44 Fed. Cl. 703, 709 n.12 (Fed. Cl. 1999), appeal dismissed, 31 Fed. Appx. 663 (Fed. Cir. Jan. 16, 2002) (unpublished table decision).

II. The Court Should Dismiss This Action For Lack Of Subject Matter Jurisdiction Because It Is Untimely

The Court should dismiss this action for lack of subject matter jurisdiction because it is untimely. TPG invokes 28 U.S.C. § 1491(b)(1) as the source of the Court's jurisdiction to entertain this bid protest. Compl. at 2 ¶ 1. To come within the Court's section 1491(b)(1) bid protest jurisdiction, a protester is required to establish that it is an actual or prospective bidder. Rex Serv. Corp. v. United States, 448 F.3d 1305, 1307 (Fed. Cir. 2006). However, the opportunity to qualify

either as an actual or a prospective bidder ends when the proposal period ends. Id. at 1308. Where a protester could have submitted a proposal, but did not, it must file a protest with this Court before the end of the proposal period in order to come within the Court's bid protest jurisdiction. See id. It is not relevant to the Court's jurisdiction that the protester filed a timely agency protest, see id., or a timely GAO protest, see Shirlington Limousine & Transp., Inc. v. United States, 77 Fed. Cl. 157, 167 (Fed. Cl. 2007).

Finally, whether a plaintiff is an actual or prospective bidder is not determined by theorizing the relief to which the plaintiff would be entitled if the protest were successful. See McRae Industrs., Inc. v. United States, 53 Fed. Cl. 177, 180 (Fed. Cl. 2002). Rather, whether a plaintiff is an actual or prospective bidder is a threshold issue that must be resolved before a protestor can argue the merits of whether it is entitled to relief. See id.

Here, although TPG filed earlier agency and GAO protests (Compl. at 4 ¶¶ 18, 20), it did not file its protest in this Court until well after the end of the proposal period (see id. at 3 ¶ 12). In addition, TPG judicially admitted during the temporary restraining order hearing that it did not submit a proposal in response to the solicitation. Finally, the Government issued the solicitation as a full and open competition

(id. at 2 ¶ 6), indicating that nothing prevented TPG from submitting a proposal. Because TPG could have but did not submit a proposal, and because it filed its protest after the end of the proposal period, TPG does not come within the Court's section 1491(b) bid protest jurisdiction. Therefore, the Court does not possess subject matter jurisdiction to entertain this action, and should dismiss this action pursuant to RCFC 12(b)(1).

## CONCLUSION

For these reasons, the United States requests that the Court dismiss this action for lack of subject matter jurisdiction.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Deborah A. Bynum
by s/Donald E. Kinner
DEBORAH A. BYNUM
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

November 26, 2007

Attorneys for Defendant

Certificate of Filing

I hereby certify that on November 26, 2007, a copy of the foregoing Defendant's Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail